**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
                           :

STRIKE 3 HOLDINGS, LLC,             :

                         :

              Plaintiff,      :       21-CV-4080 (AT) (OTW)

                         :

        -against-        :       **OPINION & ORDER**

                         :

JOHN DOE, *subscriber assigned IP address*  :
173.56.86.169,                 :

                         :

            Defendant.     :

                         :

---------------------------------------------------------------x

       **ONA T. WANG, United States Magistrate Judge:**

       On May 19, 2021, the Court granted Plaintiff Strike 3 Holdings, LLC *ex parte* motion for leave pursuant to Federal Rule of Civil Procedure 26(d)(1) to serve a subpoena on non-party Internet Service Provider ("ISP") Verizon FIOS ("Verizon") to ascertain the identity of Defendant John Doe. (ECF 12). In its Complaint, Plaintiff alleges that Defendant John Doe infringed upon Plaintiff's copyrights by downloading Plaintiff's films and distributing them without Plaintiff's authorization. The Court's May 19, 2021 Order (ECF 12) is hereby amended as follows.

    **I.**    **Background**

       Plaintiff runs subscription-based websites streaming adult films and also licenses those films to third-party distributors. (ECF 1 ("Compl."), ¶ 13). Plaintiff alleges that Defendant used the BitTorrent file distribution network to download, copy, and distribute Plaintiff's works without authorization. Compl. ¶ 17, 28, 43. Plaintiff alleges it discovered this theft using VXN Scan, the infringement detection system developed, owned, and operated by Plaintiff. Compl. ¶¶ 27-28. Specifically, the VXN Scan allegedly established direct TCP/IP connections with

Defendant's Internet Protocol ("IP") address while Defendant was using the BitTorrent network and downloaded one or more pieces of Plaintiff's works from Defendant. (Compl. ¶¶ 29-30, 37) ("The VXN Scan captured transactions from Defendant sharing specific pieces of 25 digital media files that have been determined to be identical (or substantially similar) to a copyrighted work(s) that Plaintiff owns.").

Defendant John Doe is associated with the IP address 173.56.86.169. (Compl. ¶¶ 5, 12; Ex. A). Because Plaintiff only has Defendant's IP address, Plaintiff now moves for leave to subpoena Defendant's Internet Service Provider, Verizon, for the name and address of Defendant John Doe.

**Discussion**

a. **Legal Standard**

Generally, a party may not seek discovery prior to the parties' Rule 26(f) conference unless it obtains leave of the Court. Fed. R. Civ. P. 26(d)(1). The Court will permit such early discovery upon a showing of "reasonableness" and "good cause." *Stern v. Cosby*, 246 F.R.D. 453, 457 (S.D.N.Y. 2007). In cases involving subpoenas seeking identifying information from ISPs, courts apply this standard by looking at five factors: (1) whether plaintiff has a prima facie case for infringement, (2) the specificity of the request, (3) the absence of alternative means to obtain the information, (4) the need for the subpoenaed information, and (5) the defendant's expectations of privacy. *See, e.g., Malibu Media, LLC, LLC v. Doe*, No. 18-CV-12167 (AJN), 2019 WL 340712, at *2 (S.D.N.Y. Jan. 24, 2019) (citing *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 119 (2d Cir. 2010)).

### b. Analysis

Plaintiff here has made a *prima facie* showing of copyright infringement. "To prove a

claim of copyright infringement, a plaintiff must show (1) ownership of a valid copyright and (2)

copying of constituent elements of the work that are original." *Urbont v. Sony Music*

*Entertainment*, 831 F.3d 80, 88 (2d Cir. 2016). In its Complaint, Plaintiff attaches a sheet listing

the United States Copyright Office registration information for its works that it claims

Defendant distributed without authorization. *See* Compl., Ex. A. Plaintiff then alleges that

Defendant "copied and distributed the constituent elements of Plaintiff's Works." Compl. ¶ 49;

*see also* Declaration of Patrick Paige (ECF 11-2) ("Paige Decl."), ¶¶ 18-19, 26 (attesting that

digital files distributed by Defendant were copies of one of Plaintiff's copyrighted films).

Plaintiff's request is also sufficiently specific, requesting only the "true name and

address" of the subscriber associated with the IP address 173.56.86.169. (ECF 11 at 2). Courts in

this District have repeatedly found that information necessary to identify and serve the

defendant satisfies the specificity factor. *See, e.g., Malibu Media, LLC, LLC v. Doe,* No. 18-CV-

5590 (AJN), 2018 WL 3756453, at *3 (S.D.N.Y. July 19, 2018); *Malibu Media, LLC v. Doe No. 4*,

No. 12-CV-2950 (JPO), 2012 WL 5987854, at *3 (S.D.N.Y. Nov. 30, 2012); *John Wiley & Sons, Inc.*

*v. Doe Nos. 1-30*, 284 F.R.D. 185, 190 (S.D.N.Y. 2012).

Plaintiff asserts that absent Verizon's cooperation, it would otherwise be unable to

identify Defendant. *See* ECF 11 at 7, 8; *see also Wiley*, 284 F.R.D. at 190 (noting BitTorrent only

shows the user's IP address); *Digital Sin, Inc. v. Does 1-27*, No. 12-CV-3873 (JMF), 2012 WL

2036035, at *4 (S.D.N.Y. June 6, 2012) (pointing out that Internet providers' protection of

customers' privacy means they are the only source of subscribers' identifying information).

It follows that because obtaining information from Verizon is necessary to identifying Defendant, obtaining information from Verizon regarding the subscriber's IP address is necessary for continued prosecution of this action. *See Malibu Media, LLC*, 2018 WL 3756453, at *3 (noting inability to serve the defendant would effectively terminate the litigation); *Sony Music Entertainment Inc. v. Does 1-40*, 326 F. Supp. 2d 556, 566 (S.D.N.Y. 2004) (finding Doe defendants' identities "critical").

Lastly, "ISP subscribers have a minimal expectation of privacy in the transmission or distribution of copyrighted material." *Wiley*, 284 F.R.D. at 191; *see also Malibu Media, LLC v. John Does 1-11*, No. 12-CV-3810 (ER), 2013 WL 3732839, at *6 (S.D.N.Y. July 6, 2013) (finding courts in this District agree on "minimal" privacy expectation for copyright infringers). Any concern about identifying the wrong individual and subsequent undue embarrassment can be alleviated with the Court's procedural safeguards described below. *See Digital Sin*, 2012 WL 2036035, at *4.

## II.   Conclusion

To protect the rights of Verizon and Defendant John Doe, it is **ORDERED** that:

Plaintiff may immediately serve a Rule 45 subpoena on Verizon, limited to obtaining only the name and address of the subscriber associated with IP address 173.56.86.169. **Plaintiff shall seek leave of court before seeking a subpoena on any other third-party provider prior to a Rule 26(f) conference.** Plaintiff shall not threaten to disclose Defendant's identifying information to non-parties and may only use the subpoenaed information for purposes of this litigation. Plaintiff shall include a copy of this Order, as well as the attached Notice to Defendant, with the subpoena.

If Plaintiff has already served a subpoena on Verizon, Plaintiff shall serve a copy of this Order, as well as the attached Notice to Defendant.

Verizon shall have thirty (30) days from the date it is served the subpoena or this Order, whichever is later, to serve the subscriber with a copy of the subpoena and a copy of this Order. Verizon may use any reasonable means to provide such notice, including, but not limited to, written notice to the subscriber's last known address.

The subscriber shall have forty-five (45) days from the date they are served the subpoena or this Order, whichever is later, to file any motion with the Court to contest the subpoena, including any request to litigate the subpoena anonymously. Verizon shall not turn over the subscriber's identifying information to Plaintiff before the expiration of this 45-day period. Verizon may also move to contest the subpoena consistent with Federal Rule of Civil Procedure 45. If the subscriber or Verizon files a motion to contest the subpoena, Verizon may not turn over any information to Plaintiff pursuant to the subpoena until the Court has resolved all such motions and ordered Verizon to disclose the information.

If the 45-day period lapses without the subscriber or Verizon contesting the subpoena, Verizon shall have ten (10) days to produce to Plaintiff all the information necessary to comply with the subpoena.

Verizon shall preserve any subpoenaed information pending the resolution of any

motion to contest the subpoena.


**SO ORDERED.**


_s/ Ona T. Wang_

Dated: June 28, 2021                                        **Ona T. Wang**
    New York, New York                         United States Magistrate Judge

# NOTICE TO DEFENDANT

1. You are a defendant in *Strike 3 Holdings, LLC v. Doe, subscriber assigned IP address 173.56.86.169* (AT) (OTW), a case now pending before the Honorable Analisa Torres, United States District Judge for the Southern District of New York, and the Honorable Ona T. Wang, United States Magistrate Judge for the Southern District of New York.

2. Attached is Judge Wang's Order dated June 28, 2021, which sets forth certain deadlines and procedures related to this case.

3. You may hire a lawyer to represent you in this case or you may proceed *pro se* (that is, you may represent yourself without the assistance of a lawyer). If you choose to proceed *pro se*, all communications with the Court should be through the Pro Se Intake Unit. The Pro Se Intake Unit is located in Room 200 of the United States Courthouse, 500 Pearl Street, New York, N.Y. 10007, and may be reached at (212) 805-0175.

4. The plaintiff in this case has filed a lawsuit claiming that you have illegally downloaded and/or distributed movies on your computer.

5. The plaintiff may not know your actual name or address, but it does know the Internet Protocol address ("IP address") of the computer associated with the alleged downloading and/or distributing.

6. The plaintiff has filed a subpoena requesting your identity and contact information from your Internet Service Provider ("ISP").

7. If you do not want your ISP to provide this information to the plaintiff and you believe there is a legal basis for the ISP to withhold the information, you may file a motion to "quash" or "modify" the subpoena. This must be done within 45 days of the date that you receive the subpoena from your ISP. If you choose to proceed *pro se*, your motion to quash or modify the subpoena should be mailed to the Pro Se Intake Unit, as described in paragraph 3. You should also inform your ISP that you intend to contest the subpoena so that it does not release your information to the plaintiff.

8. If you move to quash the subpoena or otherwise move to prevent your name from being turned over to the plaintiff, you may request to proceed anonymously at this time. Nevertheless, if you are representing yourself, you will have to complete an information card that you can obtain from the *Pro Se* Office of the Court. This information is *solely for use by the Court* and the Court will not provide this information to lawyers for the plaintiff unless and until it determines there is no basis to withhold it. The Court must have this information so that it may communicate with you regarding the case.

9.  Even if you do not file a motion to quash or modify the subpoena, you may still request to proceed in this case anonymously at this time. This means that the Court and the plaintiff will know your identity and contact information, but your identity will not be made public unless and until the Court determines there is no basis to withhold it.

10. If you want to proceed anonymously without filing a motion to quash or modify the subpoena, you (or, if represented, your lawyer) should provide a letter stating that you would like to proceed anonymously in your case. If you choose to proceed *pro se*, your letter should be mailed to the Pro Se Intake Unit, as described in paragraph 3. This must be done within 45 days of the date that you receive notice from your ISP that you are a defendant in this case. You should identify yourself in your letter by the case in which you are a defendant and your IP address. If you submit this letter, then your identity and contact information will not be revealed to the public unless and until the Court says otherwise.

11. The Court also notes that there is a legal clinic in this District to assist individual parties in civil cases who do not have lawyers.  The Clinic is run by a private organization called the New York Legal Assistance Group; it is not part of, or run by, the Court.  The Clinic is located in the Thurgood Marshall United States Courthouse, 40 Centre Street, New York, New York, in Room LL22.  The Clinic is open on weekdays from 10 a.m. to 4 p.m., except on days when the Court is closed.  You may make an appointment with the Clinic by calling (212) 659-6190.